UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| MARCUS DAWANELL CARLISLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:13-CV-209 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| PORTFOLIO RECOVERY ASSOCIATES, | ) | |
| INC., d/b/a Portfolio Recovery Associates, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## <u>M E M O R A N D U M</u>

Before the Court are a motion to dismiss by the defendant and a motion for summary

judgment by the plaintiff. Defendant Portfolio Recovery Associates ("Defendant") filed a motion

to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Court File No.

7). Plaintiff Marcus Dawanell Carlisle ("Plaintiff") filed a response to Defendant's motion (Court

File No. 11). Defendant then filed a reply (Court File No. 12). While the motion to dismiss was

pending, Plaintiff moved for summary judgment pursuant to Federal Rule of Civil Procedure 56

(Court File No. 14). Defendant responded in opposition (Court File No. 15). For the following

reasons, the Court will **GRANT** Defendant's motion to dismiss, and **DENY AS MOOT** Plaintiff's

motion for summary judgment.

## I.    BACKGROUND

Plaintiff filed a complaint alleging violations of the Fair Credit Reporting Act ("FCRA"),

15 U.S.C. § 1681 and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 (Court

File No. 2). Specifically, Plaintiff alleges Defendant, a debt collection company, sought to obtain

Plaintiff's consumer report without a permissible purpose, "falsely represent[ed] the character

amount or legal status of any debt," attempted to collect debt not authorized by the debt agreement, and continued collection activity despite notice of a dispute (Court File No. 2).  He also seeks to recover an amount he claims to have paid through two bonds he sent to Defendant.

Plaintiff attached to his complaint the two alleged bonds (Court File No. 2-1) as well as documents reflecting that Defendant had made inquiries as to Plaintiff's credit report (Court File No. 2-2).  These bonds refer to Plaintiff as a "Titled Sovereign" and "copyrighted fiction" and provides that the bonds are "mandated by PUBLIC POLICY through the Bureau of Public Debt."  (Court File No. 2-1).  While purporting to "discharge all debt" the bonds also state that "no lawful money of account exists in circulation and in consideration thereof I have suffered dishonor . . ." (Court File No. 2-1).

## II.     STANDARD OF REVIEW

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998).  For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007).  The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859.  Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v.*

2

*Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility as explained by the Court "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Recovery of Bonds

In the Final Count of Plaintiff's Complaint,[1] Plaintiff demands return of money he allegedly paid to Defendant by way of two bonds. Defendant contends that no money was in fact transferred and that the bonds are "bogus" (Court File No. 8). Upon review of these documents, the Court agrees with Defendant. The alleged bonds are replete with nonsensical legal jargon. As noted above, the bonds refer to Plaintiff as a "Titled Sovereign" and "copyrighted fiction" and provides that the bonds are "mandated by PUBLIC POLICY through the Bureau of Public Debt." While purporting to "discharge all debt" the bonds also somewhat incomprehensibly state that "no lawful money of account exists in circulation and in consideration thereof I have suffered dishonor . . ."

---

[1]Plaintiff's Complaint misnumbers his final two counts as Count Eleven and Count Twelve rather than the chronologically proper Count Six and Count Seven. To minimize confusion, the Court will refer to these counts by their proper numbers, Six and Seven.

3

(Court File No. 2).  There is no question that the bonds are frivolous and do not establish that any money has been paid by Plaintiff to Defendant.  Accordingly, the Court will **DISMISS** the count requesting return of the alleged bond proceeds.

### B.  FCRA Violations

Counts One, Two, and Three of Plaintiff's Complaint allege Defendant "violated," "willfully violated," and "negligently violated" 15 U.S.C. § 1681b(f) of the FCRA "by obtaining Plaintiff's consumer report without a permissible purpose"  (Court File No. 2 ¶¶ 18, 22, 26). Because the allegations cannot establish any violation, the Counts will be treated together.

Section 1681b(f) provides that "[a] person shall not use or obtain a consumer report . . . unless the report is obtained for a purpose for which the consumer report is authorized to be furnished under this section." Section 1681b(a) sets out a series of circumstances under which a consumer reporting agency may furnish a consumer report.  One such permissible circumstance is providing the report "to use the information in connection with . . . collection of an account of, the consumer . . . ."  § 1681b(a)(3)(A).

Plaintiff alleges Defendant violated this section by obtaining his credit report without a permissible purpose.   In his complaint, however, Plaintiff himself alleges that "Defendant was attempting to collect on two alleged individual non-existent debts" (Court File No. 2 ¶ 9).  Because collection is a permissible purpose under § 1681b, Plaintiff has not alleged a violation of the FCRA. Even if Plaintiff disputed the debt, the Sixth Circuit has held that a dispute alone does not render collection an impermissible purpose. *Lusk v. TRW, Inc.*, No. 97-4127, 1999 WL 96721 at *1 (6th Cir. Feb. 4, 1999).  Because debt collection is a permissible purpose, Plaintiff has not alleged facts

4

sufficient to establish an FCRA violation.  Accordingly, the Court will **DISMISS** Counts One, Two, and Three.

### C. FDCPA Violations

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debts collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 591 (6th Cir.2009) (quoting 15 U.S.C. § 1692(e)).  Courts should "begin with the language of the statute itself" when interpreting the FDCPA.  *Schroyer v. Frankel*, 197 F.3d 1170, 1174 (6th Cir.1999).

Counts Four, Five and Six follow the same pattern as Counts One, Two and Three and allege several violations of the FDCPA with varying degrees of culpability.  Count Four alleges:

> (a) Defendant violated 15 U.S.C. §1692 (e)(2) by falsely representing the character amount or legal status of any debt.
> (b) Defendant violated 15 U.S.C. §1692(f)(l) by the collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.
> (c) Defendant continued collection activity after receiving notice of dispute, and failed to provide written validation of the debt before resuming collection activities, in violation of 15 U.S.C. §1692(g)(b).

(Court File No. 2 ¶ 30).   Count Five reiterates the same conduct but alleges that Defendant acted willfully.  Count Six again reiterates the same conduct but alleges that Defendant acted negligently.  The Court will treat each of the three conduct allegations in turn.  Because there are no facts to support any violations, there is no need to make fine distinctions regarding levels of culpability.

5

## 1. False Representation of the Character of the Debt

Under the FDCPA, a debt collector may not falsely represent "the character, amount or legal status of any debt." 15 U.S.C. § 1692e. In support of his 15 U.S.C. § 1692e(2)(a) allegations Plaintiff asserts that "Defendant without authority, did willfully and negligently, falsely represent to third parties known and unknown, damaging information concerning Plaintiff's credit worthiness" (Court File No. 2 ¶ 11). Plaintiff also states that the debt is "nonexistent" (Court File No. 2 ¶ 9).

Plaintiff's allegations do no more than recite the elements of a claim under § 1692e and, as the Supreme Court has stated, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). To the extent that Plaintiff is asserting that the inquiry itself constitutes a false representation of the character of the debt, courts have specifically rejected this argument under the FDCPA. *See Becker v. Genesis Fin. Servs.*, No. CV-06-5037-EFS, 2007 WL 4190473 at *7 (E.D. Wash. 2007) (noting that an inquiry does not itself convey any information).

## 2. Collection of Amounts Not Authorized by Agreement

Section 1692f prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." In support of his § 1692f(1) claim, Plaintiff alleges he "became aware after viewing his online credit report via Lexington Law Group that said Defendant was attempting to collect on two alleged individual non-existent debts, absent any notice" (Court File No. 2 ¶ 9). While the Court must construe the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint, *Thurman*, 484 F.3d at 859, the Court is "not bound to accept as true a legal

conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Plaintiff's bare allegations that Defendant was attempting to collect on a nonexistent debt are insufficient to support his claim. Plaintiff has not alleged that he received a collection letter nor has he alleged other facts, aside from the inquiry as to the credit report, establishing that the Defendant did in fact attempt to collect on the debt or that the debt was in fact non-existent.

### 3. Continuation of Collection Activity Despite Notice of Dispute

Section 1692g(b) prohibits a debt collector from continuing to attempt to collect on a debt if the debtor disputes the debt in writing within thirty days of when the debtor receives notice of the debt. Plaintiff asserts that "Defendant continued collection activity after receiving notice of dispute, and failed to provide written validation of the debt before resuming collection activities, in violation of 15 U.S.C. §1692(g)(b)." (Court File No. 2 ¶ 38). Plaintiff alleges he notified Defendant regarding his dispute by sending the two bonds to Defendant. Defendant argues in response that the bonds that allegedly dispute the debt, in fact state on their face an intent to *discharge* all debt.

The Court agrees with Defendant. Plaintiff has pleaded no facts establishing that he sent a written dispute of the debt within 30 days of the initial communication. Rather than disputing the debt, the two "bonds" sent to the Defendant state on their face that they are intended to "*discharge* all debt" (Court File No. 2-1) (emphasis added). "[W]hen a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Williams v. CitiMortgage, Inc.*, 498 Fed.Appx. 532, 536 (6th Cir.2012) (internal quotation marks and citations omitted). While the bonds do somewhat cryptically state that "no lawful money of account exists in circulation" (Court File No. 2-1), the court finds that this cannot constitute a

dispute of an account in light of the much more clearly stated intent of the bond to "discharge all debt" (Court File No. 2-1).  Plaintiff's remaining allegations do no more than recite the elements of a § 1692g(b) claim and under *Iqbal*, such a recitation "will not do."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Plaintiff's allegations regarding 1692g(b) thus fail to survive Defendant's motion to dismiss.

Accordingly, the Court will **DISMISS** the remaining Counts.


**IV.      CONCLUSION**

For the foregoing reasons, the Court will **GRANT** Defendant's motion to dismiss and **DENY AS MOOT** Plaintiff's motion for summary judgment.

**An order shall enter.**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**